O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGIANN RAMOS-TOMMASINO, | ) | NO. CV 13-03017-MAN |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | AND ORDER |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| Defendant. | ) | |

Plaintiff filed a Complaint on April 30, 2013, seeking review of the ALJ's determination that plaintiff was "not disabled" following a closed period of disability.  (ECF No. 1 at 2-3.)  On January 15, 2014, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge.  (ECF No. 12.)  On January 10, 2014, the parties filed a Joint Stipulation ("Joint Stip.") in which plaintiff seeks an order reversing the Commissioner's decision and awarding full benefits to plaintiff beyond the closed period of disability, or remanding the matter under sentence six of 42 U.S.C. § 405(g) "for the limited purpose of determining whether . . . new medical evidence demonstrates ongoing disability or medical improvement . . . ."  (Joint Stip. at 14, 16.)  Plaintiff also requests that the Court direct the ALJ "to classify plaintiff's past relevant work to determine whether she could return to her past relevant work even should the ALJ find plaintiff's medical condition improved to the extent that

1  would allow her to perform sedentary work." (Id. at 16.)  The Commissioner requests that her

2  decision be affirmed or, alternatively, that the matter be remanded for consideration of the new

3  evidence. (Id.)

4

5  **SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

6

7  Plaintiff protectively filed an application for a period of disability and disability insurance

8  benefits on March 8, 2010.  (Administrative Record ("A.R.") 14.)  Plaintiff, who was born on

9  October 14, 1959 (id. 31),[1] claimed to have been disabled beginning June 25, 2009 (id. 14).  The

10  claim was denied initially on July 30, 2010, and upon reconsideration on September 21, 2010.

11  (Id.)  Plaintiff has past relevant work experience as a human resources director and life insurance

12  sales person. (Id. 19.)

13

14  After the Commissioner denied plaintiff's claim initially and upon reconsideration, plaintiff

15  requested a hearing.  (A.R. 14; Joint Stip. at 2.)  On January 10, 2012, plaintiff, represented by

16  her prior counsel, David Schumaker, appeared at a hearing before Administrative Law Judge Mary

17  L. Everstine (the "ALJ").  (A.R. 14, 22; Joint Stip. at 2.)  Vocational expert Ann T. Wallace also

18  appeared at the hearing.  (A.R. 14.)  No testimony was taken, and the ALJ went on the record

19  after plaintiff had left the hearing, noting that plaintiff wanted to amend her request for disability,

20  at which time counsel for plaintiff stipulated to amend the alleged period of disability to a closed

21  period from June 25, 2009, through November 15, 2011, which was one year after plaintiff had

22  surgical fusion of her back. (Id. 14, 29-30; Joint Stip. at 2.)

23

24  On January 27, 2012, the ALJ issued a decision, finding plaintiff disabled during the closed

25  period of June 25, 2009, through November 15, 2011, and granting benefits for that closed

26

27

28  [1] On the alleged disability onset date, plaintiff was 49 years old, which the ALJ determined to be an individual closely approaching advanced age.  (A.R. 19; see 20 C.F.R. § 404.1563.)

period.  (A.R. 14-22; Joint Stip. at 2.)  The ALJ also found that beginning November 16, 2011, plaintiff was capable of a full range of sedentary work and, thus, of performing her past relevant work as actually and generally performed.  (A.R. 21.)

Around February 21, 2012, plaintiff appealed pro se and submitted additional medical evidence to the Appeals Council.  (A.R. 8, 167-72, 477-523.)   The Appeals Council denied plaintiff's request for review indicating that plaintiff could file a new application for benefits.  (Id. 1-4; Joint Stip. at 2.)  Plaintiff brought this action with new counsel.  (Joint Stip. at 2.)

## SUMMARY OF ADMINISTRATIVE DECISION

In her January 27, 2012 decision, the ALJ found that plaintiff meets the insured status requirements of the Social Security Act through December 31, 2014, and plaintiff did not engage in substantial gainful activity during the closed period of June 25, 2009, through November 15, 2011. (A.R. 17.)  The ALJ determined that plaintiff had the severe impairments of:  a "history of lung cancer, status post right lower lobectomy and bronchoplasty (2005); status post colon resection due to chronic diverticulitis (2010); status post L4-5 fusion (2010); and cervical degenerative disc disease."  (Id.)  However, the ALJ also found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).  (Id. 17-18.)

Based on the record, the ALJ found plaintiff's subjective complaints regarding the intensity, persistence, and limiting effects of her symptoms to be "fully credible" and determined that, between June 25, 2009, and November 16, 2011, plaintiff had the residual functional capacity ("RFC") to perform "sedentary work as defined in 20 CFR 404.1567(a) except for limitation to lifting/carrying 10 pounds, standing/walking for 2 hours and sitting for six hours in an 8 hour day, with limitation to unskilled work due to credible pain." (A.R. 18, 19.)  The ALJ also found that,

3

during that closed period, plaintiff was unable to perform her past relevant work as a human resources director, or life insurance sales person, because a "hypothetical individual of the claimant's age, education and vocational profile with the above-established limitations during the alleged closed period of disability, including severe pain, could not engage in the claimant's past relevant work." (Id. 19.)  Relying on the Medical-Vocational Guidelines, commonly known as the "Grids," the ALJ also found that, during the closed period, considering plaintiff's age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that plaintiff could have performed.  (Id. 20 (citing 20 C.F.R. part 404, subpart P, app. 2).)  The ALJ concluded, therefore, that plaintiff was under a disability during the closed period, from June 25, 2009, through November 15, 2011.  (Id.)

The ALJ further found that:  plaintiff had not developed any new impairment or impairments since November 16, 2011, the date the closed period of disability ended; and as of November 16, 2011, the date plaintiff's disability ended due to medical improvement, plaintiff's RFC had also improved to permit a full range of sedentary work.  (A.R. 20-21.)  The ALJ also found that, as of November 16, 2011, plaintiff was capable of performing her past relevant work as a life insurance sales person, and human resources director, as both actually and generally performed.  (Id. 21.)

In February 2012, plaintiff proceeding pro se,  appealed the ALJ's decision on the ground that the ALJ had erred by failing to find that she was disabled after the closed period.  (See A.R. 5-6, 172.)  Specifically, she contended that she had presented the ALJ with reports showing that the screws in plaintiff's back had broken and her condition was ongoing, and therefore, rather than "have to go thru this again to be approved," she "should still be considered disabled from the facts that were already proven from 6/2009 and should be [ongoing] with all the information I have supplied and doctor visits and surgery to repair broken screws – as well as lung condition." (Id. 5, 167-71, 172, 477-520, 521-23; Joint Stip. at 2.)  Plaintiff stated that she continued to have upper and lower back pain (A.R. 167), which limited her ability to sit and stand (id. 172).  She

submitted a report to the Appeals Council dated December 29, 2011, showing that CT scans on November 8, 2011 and December 29, 2011 showed screws in her back inserted during her back surgery had fractured. (Id. 167, 494.) On January 25, 2012, two days before the ALJ issued her decision, plaintiff underwent another CT scan, which also showed the screws used in the previous spinal repair surgery had fractured. (Id. 493.) On February 24, 2012, she underwent an MRI, which again showed a "fixation screw plate defect at L4 and L5 vertebral bodies."[2] (Id. 479, 517-18.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in

---

[2] On October 25, 2012, plaintiff submitted additional materials to the Appeals Council showing that: on October 19, 2012, she had an ultrasound, which showed "a small incisional hernia present"; on April 5, 2012, she had a second back surgery; and, following her second back surgery, plaintiff remained under a doctor's care. (A.R. 6; see also id. 522 (10/19/12 - ultrasound), 523 (second back surgery was 04/05/12 following which she remained under a doctor's care).)

1  medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th
2  Cir. 1995).

3

4        The Court will uphold the Commissioner's decision when the evidence is susceptible to
5  more than one rational interpretation.  <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)
6  (citation omitted).  However, the Court may review only the reasons stated by the ALJ in his
7  decision "and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn</u>, 495 F.3d at
8  630 (citing <u>Connett</u>, 340 F.3d at 874).  The Court will not reverse the Commissioner's decision if
9  it is based on harmless error, which exists only when it is "clear from the record that an ALJ's
10  error was 'inconsequential to the ultimate nondisability determination . . . .'" <u>Robbins v. Soc. Sec.</u>
11  <u>Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006) (quoting <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055 (9th
12  Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d at 679.

13

14                                    **DISCUSSION**

15

16        Plaintiff alleges two sources of error.  First, plaintiff claims that the Appeals Council
17  committed reversible error when it failed to analyze whether her new evidence had a bearing on
18  her claim of ongoing disability, contrary to the ALJ's decision finding that she was "not disabled"
19  after the closed period.  (Joint Stip. at 3-4.)  Second, plaintiff claims the ALJ erred in finding that
20  she could perform her past relevant work based on medical improvement as of November 16,
21  2011, because her past relevant work was classified as light, not sedentary.  (<u>Id.</u> at 10-11 (citing
22  A.R. 147).)

23

24        **I.    <u>New Evidence Presented To The Appeals Council.</u>**

25

26        The Appeals Council considered some of the new evidence[3] that plaintiff submitted, but it

27  _____

28        [3] The Appeals Council added these documents to the record as Exhibits 11E, 12E, 18F, and
     19F.  (A.R. 5.)

1   declined to consider other evidence presented by plaintiff, stating:

2

3       In looking at your case, we considered the reasons you disagree with the decision

4       and the additional evidence listed on the enclosed Order of Appeals Council. [¶]

5       We considered whether the Administrative Law Judge's action, findings, or

6       conclusion is contrary to the weight of the evidence of record.  We found that this

7       information does not provide a basis for changing the Administrative Law Judge's

8       decision.  [¶]  We also looked at medical records from Chadwick F. Smith, M.D.

9       dating April 4 and 5, 2012, and a radiology report dated January 24, 2013.  The

10      Administrative Law Judge decided your case through January 27, 2012.  This new

11      information is about a later time.  Therefore it does not affect the decision about

12      whether you were disabled beginning on or before January 27, 2012.  [¶] If you

13      want us to consider whether you were disabled after January 27, 2012, you need

14      to apply again.  We are returning the evidence to you to use in your new claim.

15

16  (A.R. 2.)  The Appeals Council returned the records from Dr. Smith and the 2013 radiology report

17  to plaintiff, and those documents are not part of the record before this Court.  (Id.)

18

19      When, as here, the Appeals Council "considers new evidence in deciding whether to review

20  a decision of the ALJ, that evidence becomes part of the administrative record, which the district

21  court must consider when reviewing the Commissioner's final decision for substantial evidence."

22  Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012).  Once the Appeals

23  Council declines review, the ALJ's decision becomes the final decision of the Commissioner, and

24  the district court reviews that decision for substantial evidence based on the record as a whole.

25  Id. at 1161-62.

26

27      When new and material evidence is submitted to the Appeals Council, the Appeals Council

28  must consider it "only where it relates to the period on or before the date of the administrative

7

1    law judge hearing decision."  20 C.F.R. § 404.970(b); <u>Brewes</u>, 682 F.3d at 1162.  The Appeals

2    Council will grant the request for review "if it finds that the administrative law judge's action,

3    findings, or conclusion is contrary to the weight of the evidence *currently of record*."  <u>Brewes</u>, 682

4    F.3d at 1162 (citing 20 C.F.R. § 404.970(b)).

5

6         The Court's review of the additional evidence that the Appeals Council made part of the

7    record shows that some of this evidence clearly pertains to the period "on or before" January 27,

8    2012 (the date of the ALJ's decision) and/or involved treatment for ongoing issues subsequent

9    to November 15, 2011 (the end date of the closed period).  For example, a December 29, 2011,

10   CT scan showed the screws from plaintiff's prior back surgery had fractured, confirming the

11   findings of a November 8, 2011 CT scan (A.R. 494); a January 5, 2012 letter from plaintiff to the

12   manufacturer of the screws complains that the hardware had failed (<u>id.</u> 489-90); and a January

13   13, 2012 legal services agreement between plaintiff and a law firm for representation in a suit

14   against the hardware manufacturer (<u>id.</u> 482-88).  Further, in plaintiff's February 2012 appeal

15   letter, she states that:  on November 8, 2011, less than one year after her surgery (and only one

16   week prior to the end date of the closed period), it was determined the screws in her back had

17   broken; she was still dealing with upper and lower back pain; she was scheduled for an MRI to

18   determine "surgery repair"; she was suffering from severe carpal tunnel in both hands with left

19   wrist pain; and she had ongoing issues, including her lung condition, since the hearing.[4]  (<u>Id.</u> 167-

20   69).  Arguably, evidence relating to plaintiff's April 2012 back surgery – to correct the problems

21   with the hardware from the first surgery – also "relates to" the original back surgery and,

22   therefore, plainly may affect the decision about whether plaintiff continued to be disabled after

23   November 15, 2011.[5]  (*See* Joint Stip. at 9.)

24

25   _____

26        [4]  The Court notes that the ALJ found plaintiff to be "fully credible."  (A.R. 19.)

27        [5]  Among the records that the Appeals Council returned to plaintiff is a supplemental report
     from Dr. Chadwick Smith, an orthopedic surgeon, which concluded that the "treatment rendered
28   at [plaintiff's] low back fell beneath the Standards of Practice for the medical community."  (A.R.
     2, 516.)

1   Although plaintiff states the ALJ was given some of this information at the hearing (A.R.
2   167), the record indicates that no additional documentation was made part of the record at the
3   time of the hearing. Accordingly, the ALJ never mentioned the fact that plaintiff's screws from the
4   prior surgery had fractured and expressly found that "[plaintiff had] not developed any new
5   impairment or impairments since November 16, 2011, the date the claimant's disability ended."
6   (A.R. 20.)

7

8   The fact that plaintiff, through counsel, stipulated to the closed period of disability, makes
9   this case unusual and troubling.[6]  However, the crux of the matter is that the ALJ went *beyond*
10  that stipulation when she made specific findings that plaintiff had no new impairments after
11  November 15, 2011, and had medically improved such that, as of November 16, 2011, she was
12  able to perform a full range of sedentary work, including her past relevant work. (A.R. 20-21.)
13  In making these findings, the ALJ took no testimony from plaintiff about her impairments after
14  November 15, 2011, or from the vocational expert who was present at the hearing. (Id. 27-30.)
15  There were no medical records in the file at that time post-dating July 2010 (*see* id. Court
16  Transcript Index), and the ALJ specifically declined to include the proffered records "corroborating
17  [the] fusion surgery" that took place in November 2010. (Id. 29 ("There are some additional
18  records corroborating a fusion surgery, but those records are not necessary for making a
19  determination of disability during a closed period.").) Nor is there any evidence in the record that,
20  in agreeing to the closed period, plaintiff also agreed to have the ALJ consider her RFC after that
21  closed period or that plaintiff or her counsel were informed or understood that the ALJ intended
22  to consider the period beyond the closed period, despite the fact that there was no evidence in
23  the record to support any factual findings. Plaintiff immediately appealed the ALJ's decision,

24  _____

25  [6]  It is disconcerting that plaintiff's counsel stipulated to a closed period of disability on
26  behalf of plaintiff, who did not sit through the hearing. The ALJ's decision is now challenged, at
    least in part, because the ALJ reasonably assumed that there was no contention the plaintiff
    remained disabled immediately after the closed period of disability to which she stipulated through
27  counsel. Nevertheless, as discussed below, it appears that certain of the ALJ's findings regarding
    the work that plaintiff was able to perform on and after November 16, 2011, and the nature and
28  extent of impairments that developed after that date, are not supported by substantial evidence
    of record.

specifically complaining about the ALJ's findings regarding her improved medical condition after the closed period ended.

Based on the foregoing, the ALJ's statements that plaintiff "achieved some [medical] stability" after November 15, 2011 (A.R. 19) and suffered no new impairments after that date (id. 20) are incorrect.  Similarly, the Appeals Council's statement that "the weight of the evidence of record . . . [did] not provide a basis for changing the Administrative Law Judge's decision" (id. 2) is misleading.   In reaching this conclusion, the Appeals Council implicitly found the ALJ's conclusion that plaintiff was not disabled after the closed period to be supported by substantial evidence.  Indeed, the Appeals Council expressly advised plaintiff that if she asserted she was disabled after January 27, 2012, the date of the ALJ's decision, she could file a new application for benefits.[7]  (A.R. 2.)  However, as discussed herein, the new evidence presented by plaintiff to the Appeals Council clearly impacts the ALJ's determination regarding plaintiff's medical improvement following the closed period of disability, which was based on no record evidence whatsoever.[8]

---

[7]  In the absence of any evidence in the record to support the ALJ's finding that plaintiff was not disabled after November 15, 2011, the Appeals Council's recommendation that plaintiff file a new application for benefits is problematic for two reasons.  First, if the ALJ's decision had become final, then, pursuant to administrative res judicata, plaintiff would have been limited to obtaining benefits for a disability with an onset date after January 27, 2012 – the date of the ALJ's decision – despite evidence that her disability continued after the November 15, 2011 end date of her closed period of disability.  See Brawner v. Sec'y of Health and Hum. Servs., 839 F.2d 432, 433 (9th Cir. 1988) (per curiam); Miller v. Heckler, 770 F.2d 845, 848 (9th Cir. 1985).  Second, if plaintiff filed a new application for benefits, she would have to overcome the presumption created by the ALJ's decision that she was able to work on and after November 16, 2011.  See Brawner, 839 F.2d at 433; see also Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009).  To overcome this presumption, plaintiff would have to prove "changed circumstances" following the ALJ's decision, despite the fact that her impairments were, effectively, the same before and after January 27, 2012.  See Brawner, 839 F.2d at 433; see also Lyle v. Sec'y of Health and Hum. Servs., 700 F.2d 566, 568-69 (9th Cir. 1983) (where the claimant had presented no evidence of changed circumstances to overcome the presumption that his ability to do light work persisted, the "absence of proof of change" was enough to meet the Secretary's burden; the Secretary was not required to prove again de novo that the claimant was not disabled). These hurdles are unwarranted, given that there was no support in the record for the ALJ's findings that plaintiff was not disabled as of November 16, 2011.

[8]  Specifically, the ALJ found that plaintiff had "finally achieved some [medical] stability" after November 15, 2011 so as not to be considered disabled after that date.  (A.R. 19.)

1    The <u>Martin</u> case on which plaintiff relies is instructive.  (Joint Stip. at 12-13 (citing <u>Martin</u>

2    <u>v. Comm'r of Soc. Sec.</u>, Case No. 12 Civ. 4511 (BMC), 2013 WL 1663684 (E.D.N.Y Apr. 17,

3    2013)).)  In <u>Martin</u>, the plaintiff had initially applied for an "open" period of disability.  <u>Martin</u>,

4    2013 WL 1663684, at *1.  However, at the hearing, a medical expert opined that Martin had a

5    listed impairment during a closed period that would qualify her for benefits.  <u>Id.</u>  As soon as the

6    words left the expert's mouth, the ALJ interrupted her, mid-sentence, to ask Martin's attorney

7    whether she would stipulate to a closed period.[9]  <u>Id.</u>  Counsel discussed the issue with Martin, and

8    Martin agreed to a closed period of disability.  <u>Id.</u>, at *2.  The ALJ then terminated the hearing.

9    <u>Id.</u>  Thus, the medical expert did not have an opportunity to testify about Martin's condition after

10   the closed period.  <u>Id.</u>  Nevertheless, the ALJ made specific findings that Martin was not disabled

11   beyond the closed period.  <u>Id.</u>, at *2.  Martin requested that the Appeals Council review the ALJ's

12   finding that she was not disabled after the closed period and asserted that her condition had

13   worsened.  <u>Id.</u>  The Appeals Council affirmed the ALJ's findings.  <u>Id.</u>

14

15   Martin then appealed.  In an order denying a motion to dismiss filed by the Commissioner,

16   the Eastern District of New York criticized the ALJ's decision to address the merits of Martin's claim

17   of disability beyond the closed period:

18

19

20   [9]    This was the exchange:

21   [Expert]: Your Honor, claimant has a history of major depressive disorder and
22   post-traumatic stress disorder. Her record dates back as far as May 1 of 2006. Your
     Honor, in reviewing the record as a whole, what it seems to me is that the claimant
23   would meet a listing for a closed period of time within the record.

24   [ALJ]: When?

25   [Expert]: From 5/1/06 to 12/18/09. This is based on her Elmhurst Hospital records,
     the psych evaluation from 3/27/07 from Dr. Starke. And what we see, Your Honor,
26   is that the claimant has marked impairments with ADL's and with concentration –

27   [ALJ]: Are you willing to have a closed period, Ms. Monbrun [plaintiff's attorney]?

28   <u>Martin</u>, 2013 WL 1663684, at *1-*2.

11

[T]hings might be different if the ALJ had relied on plaintiff's stipulation – and stopped there. But he did no such thing. He did not say "plaintiff has stipulated that her application is deemed modified from its original filing for an open-ended period to the closed period (as defined), and I am therefore not considering whether her disability continued beyond the closed period." The ALJ might also have stated, if he thought it was plaintiff's intent, that, pursuant to her attorney's stipulation, she had waived her right to seek benefits beyond the closed period through the date of his decision, and he was therefore not going to consider any claim of disability beyond the closed period . . . .

Instead, the ALJ did just the opposite. He proceeded to decide her disability claim as if there were no stipulation at all, either in the closed period or the post-closed period. He analyzed the medical evidence for the post-closed period – even though he had cut off the medical expert, preventing testimony as to her opinion about the post-closed period – and based on that medical evidence, he decided she was no longer disabled. Moreover, the Appeals Council did the same thing. It never mentioned the stipulation, and its language strongly suggests that it considered the medical merits of plaintiff's claim before it for the post-closed period, and found that the ALJ's merits-based evaluation should be upheld as supported by substantial evidence.

Martin, 2013 WL 1663684, at *3-4 (footnote omitted).

In line with this critique of the ALJ's decision, the district court urged the Commissioner to

12

1   consider filing a stipulation or motion to remand, rather than pursuing a judgment on the merits.
2   Martin, 2013 WL 1663684, at *4.  Specifically, the district court suggested that the Commissioner
3   should reopen the proceedings for the post-closed period, reissue the ALJ's decision in reliance
4   on the stipulation for the post-closed period as opposed to the medical evidence, analyze the
5   meaning and effect of the agreement apparently reached with Martin's attorney, or hold similar
6   proceedings.  Id.

7

8       Although the Martin court was ruling on a motion to dismiss and not, as here, issuing a
9   judgment on the pleadings, its critique of the ALJ's decision is apt.  As in Martin, the ALJ appears
10  to have based her decision that plaintiff was not disabled after November 15, 2011, on no record
11  evidence whatsoever but merely on the unstated assumption that plaintiff and her counsel would
12  not have stipulated to a closed period if they had a basis for contending that plaintiff continued
13  to be disabled beyond that period.[10]  The Appeals Council compounded the error by (1) not
14  recognizing that the ALJ had gone beyond the terms of the stipulation in reaching the medical
15  merits of plaintiff's claim after the closed period and (2) implicitly finding the ALJ's determination
16  was supported by substantial evidence even though there was no evidence in the record to
17  support that determination.

18

19      In view of the above, the Court cannot find that substantial evidence supports the ALJ's
20  determination that plaintiff could perform her past relevant work on and after November 16, 2011,
21  and, thus, she was not disabled after that date.  Accordingly, reversible error occurred.

22

23      **II.    The ALJ's Decision Regarding Plaintiff's Past Relevant Work.**

24

25      Plaintiff also claims the ALJ erred in finding she could perform her past relevant work as

26

27      [10]  The ALJ incorrectly states that plaintiff "credibly testified that her disability ended as of
28  November 16, 2011."  (A.R. 21.)  There is no evidence in the record of any such testimony.  (Id.
    29-30.)

13

1   actually or generally performed, because her past relevant work is inconsistent with the sedentary
2   work that the ALJ determined plaintiff could perform after the closed period.  (Joint Stip. at 10;
3   A.R. 21.)  Specifically, she argues that her past relevant work as human resources manager is
4   properly classified as light work.  (Joint Stip. at 10 (citing A.R. 147).)

5

6   As argued by the Commissioner, the document upon which plaintiff relies for this
7   proposition is a form that described the job of "general office clerk," not "human resources
8   director," and the position of human resources director is classified by the Dictionary of
9   Occupational Titles ("DOT") as a sedentary position.[11]  (Joint Stip. at 12 (citing DOT No. 166.117-
10  018).)  Plaintiff notes that the job of human resources director as she performed it, and as
11  described in her work history report, was not sedentary work.  (Id. at 13 (citation omitted).)  She
12  also states that the agency had previously classified that work as "General Office Clerk, DOT Code
13  219.362-010, Light, SVP 4."  (Id.)  In short, there are definitely some ambiguities as to whether
14  either of plaintiff's past relevant work positions, as actually or generally performed, qualify as
15  sedentary work.

16

17  Because the matter is being remanded for the limited purpose of determining whether the
18  new medical evidence submitted to the Appeals Council demonstrates ongoing disability or
19  medical improvement after the closed period, the ALJ should also, if necessary after reviewing the
20  evidence regarding plaintiff's condition, redetermine whether plaintiff is capable of performing her
21  past relevant work or any other work after the closed period of disability.

22

23  **III.   Remand Is Required.**

24

25  The decision whether to remand for further proceedings or order an immediate award of

26

27  ───────────────
28      [11]   The Court notes that with respect to plaintiff's other past relevant work as a life
    insurance sales person, the DOT describes that position as light work.  DOT No. 250.257-010.

benefits is within the district court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  <u>Id.</u> at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  <u>Id.</u> at 1179-81. Based on the foregoing, the Court finds that the ALJ's decision finding a closed period of disability from June 25, 2009, through November 15, 2011, is proper and shall not be disturbed.

The Court also finds that the ALJ's decision finding that after November 15, 2011,plaintiff was "not disabled" and was capable of sedentary work, including her past relevant work as actually and generally performed, was not based on substantial evidence.  Remand is appropriate for the limited purpose of determining whether the new medical evidence submitted to the Appeals Council (including the evidence previously returned to plaintiff and not made part of the record) demonstrates ongoing disability or medical improvement after November 15, 2011.[12]

Depending on the ALJ's post-closed-period disability determination on remand, the ALJ may need to revisit the step four and step five findings with regard to plaintiff's RFC, and her ability to perform her past relevant work, in which case that work should be assessed to determine its proper classification as actually and generally performed.[13]

---

[12]  It is not the Court's intent to limit review on remand to only the evidence presented to the Appeals Council.

[13]  The Court expresses no opinion on the merits.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: August 7, 2014

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

16